# *EXHIBIT "A"*

4817-9154-1774.3

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>AMAZON.COM SERVICES LLC, a business entity of unknown form; and DOES 1 to 50<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>KIRK KAREN HAKOBYAN, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**7/01/2024 12:00 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By L. Khalatian, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Superior Court of California, County of Los Angeles<br>*(El nombre y dirección de la corte es):* 9425 Penfield Ave,<br>Chatsworth, CA 91311<br>Chatsworth Courthouse - North Valley Judicial District | CASE NUMBER:<br>*(Número del Caso):*<br>**24CHCV02380** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eugenia Bagdassarian, Esq. (SBN 334898)
TRIAL LIT ATTORNEYS, APC
655 N. Central Ave., 17th Floor, Glendale, CA 91203 | T: (818) 584-3500 F: (877) 565-0213

| DATE:<br>*(Fecha)* 07/01/2024 | Clerk, by<br>*(Secretario)* _____ L. Khalatian _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES LLC, a business entity of unknown form

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☒ other *(specify):* Corp. Code 17701.16, Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | CEB<br>www.ceb.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eugenia Bagdassarian (SBN 334898)<br>TRIAL LIT ATTORNEYS, APC; 655 N. Central Ave., 17th Floor, Glendale, CA 91203<br><br>TELEPHONE NO.: (818) 584-3500    FAX NO.: (877) 565-0213<br>EMAIL ADDRESS: service@TrialLit.com<br>ATTORNEY FOR (Name): Plaintiff, Karen Kirk Hakobyan | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**7/01/2024 12:00 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By L. Khalatian, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 9425 Penfield Ave.
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Chatsworth, 91311
BRANCH NAME: Chatsworth Courthouse - North Valley Judicial District

CASE NAME:
HAKOBYAN v. AMAZON.COM SERVICES LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CHCV02380<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 29, 2024
Eugenia Bagdassarian, Esq.

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. January 1, 2024]    **CIVIL CASE COVER SHEET**    Page 2 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☑ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>At or near 10932 Keswick Street |
|---|---|

| CITY:<br>Sun Valley | STATE:<br>CA | ZIP CODE:<br>91352 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___North Valley___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 06/29/2024

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC Local Rule 2.3 |
|---|---|---|

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY      STATE BAR NUMBER: 334898 | FOR COURT USE ONLY |
|---|---|
| NAME: Eugenia Bagdassarian (SBN: 334898)<br>FIRM NAME: Trial Lit Attorneys, APC<br>STREET ADDRESS: 655 North Central Ave., Suite 1700<br>CITY: Glendale      STATE: CA    ZIP CODE: 91203<br>TELEPHONE NO.: 818-584-3500    FAX NO.: 877-565-0213<br>EMAIL ADDRESS: service@triallit.com<br>ATTORNEY FOR (name): Plaintiff Kirk Karen Hakobyan | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/01/2024 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Khalatian, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 9425 Penfield Ave.
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Chatsworth, 91311
BRANCH NAME: Chatsworth Courthouse - North Valley Judicial District

PLAINTIFF: KIRK KAREN HAKOBYAN, an individual

DEFENDANT: AMAZON.COM SERVICES LLC, business entity of unknown form; AND

[ **✗** ] DOES 1 TO 50

| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED (Number):** | CASE NUMBER: |
|---|---|
| **Type (check all that apply):**<br>[ ] **MOTOR VEHICLE**    [ **✗** ] **OTHER (specify):** Product Liability / Negligence<br>    [ ] **Property Damage** [ ] **Wrongful Death**<br>    [ **✗** ] **Personal Injury** [ ] **Other Damages (specify):**<br><br>**Jurisdiction (check all that apply):**<br>[ ] **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)**<br>    Amount demanded [ ] does not exceed $10,000<br>        [ ] exceeds $10,000<br>[ **✗** ] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**<br>[ ] **ACTION IS RECLASSIFIED by this amended complaint**<br>        [ ] **from limited to unlimited**<br>        [ ] **from unlimited to limited** | 24CHCV02380 |

1. **Plaintiff** (name or names): KIRK KAREN HAKOBYAN, an individual

   alleges causes of action against **defendant** (name or names):
   AMAZON.COM SERVICES LLC, a business entity of unknown form; and DOES 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: FIVE (5)
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024]     **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death**     Code of Civil Procedure, § 425.12<br>www.courts.ca.gov

**PLD-PI-001**

| SHORT TITLE:<br>HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* **AMAZON.COM SERVICES LLC**      c. ☐ **except** defendant *(name):*
   - (1) ☒ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 50                    were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 50                    are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

---

PLD-PI-001 [Rev. January 1, 2024]          **COMPLAINT—Personal Injury, Property**          Page 2 of 3
**Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE:<br>HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☒ Products Liability

e. ☐ Premises Liability

f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

a. ☒ wage loss.

b. ☐ loss of use of property.

c. ☒ hospital and medical expenses.

d. ☒ general damage.

e. ☒ property damage.

f. ☒ loss of earning capacity.

g. ☒ other damage *(specify):*
past and future medical expenses; past and future wage loss and loss of earning capacity; past and future household services; past and future incidental expenses; and past and future pain and suffering.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages.

(2) ☐ punitive damages.

b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

(1) ☒ according to proof.

(2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
Prod. L-1; Prod. L-2; Prod. L-3; Prod. L-4; Prod. L-5; Prod. L-6; Prod. L-7; and GN-1

**16. DEMAND FOR JURY TRIAL:** Plaintiff hereby demands a Trial by Jury.

Date: 06/29/2024

Eugenia Bagdassarian, Esq.

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**982.1(3)**

| SHORT TITLE:<br>HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | CASE NUMBER: |
|---|---|

<u>FIRST</u>
     (number)

**CAUSE OF ACTION-General Negligence**

Page 4

ATTACHMENT TO   [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* KIRK KAREN HAKOBYAN, an Individual

alleges that defendant (name):

AMAZON.COM SERVICES LLC, business entity of unknown; and

[X] Does 1     to 50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* On or about 11/3/2023
at *(place):* At or near 10932 Keswick Street, Sun Valley, CA 91352.

*(description of reasons for liability):*

Defendants, and each of them, had a duty to design, produce, manufacture, and maintain products for sale and distribution in a safe manner as well as regularly inspect such products for defects to protect their consumer from harm, and exercise reasonable care in these duties. Defendant breached a duty to design, develop, manufacture, and distribute such goods through the use of reasonable care, causing Plaintiff severe and ongoing physical injuries, impairment, damages, and pain and suffering.

Plaintiff is informed and believes and thereon alleges that said unsafe, unreasonable, hazardous and/or defective conditions were caused and created by Defendant and/or existed for a sufficient time prior to the incident for Defendant to have corrected, removed and/or warned Plaintiff of the existence of said conditions, which Defendant negligently and carelessly failed to do, causing serious injuries to Plaintiff. Defendant also failed to warn Plaintiff of the risks and dangerous conditions of which Defendant created or knew, or in the existence of reasonable care should have known, and which were unknown and not readily apparent to Plaintiff. Defendant's failure to warn was a direct legal cause of Plaintiff's injuries and damages. Defendant had actual and/or constructive notice of said dangerous conditions.

Defendant, as a commercial seller engaged in the business of designing, manufacturing, and/or distributing the product in question, owed a duty to ensure that the product was free from defects and safe for its intended use. This duty includes but is not limited to designing the product to prevent foreseeable risks, conducting adequate testing and inspection to identify and eliminate defects, and providing adequate warnings and instructions concerning any dangers associated with the use of the product.

Plaintiff alleges that the product in question was defective and unreasonably dangerous at the time it left Defendant's control and entered the stream of commerce. Specifically, the product lacked proper safeguards or warnings regarding its use, exposing consumers such as Plaintiff to foreseeable risks of injury. Defendant's failure to adequately warn Plaintiff of these risks, despite possessing actual or constructive knowledge of the product's dangers, directly contributed to Plaintiff's severe injuries and damages.

Form Approved by the<br>Judicial Council of California<br>Effective January 1. 1982<br>Rule 982.1(3)<br>Optional Form

**CAUSE OF ACTION-General Negligence**

CCP 425.12

982.1(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HAKOBYAN v. AMAZON.COM SERVICES LLC, et al. | |

SECOND _____   **CAUSE OF ACTION-Products Liability**   Page 5 _____
(number)

ATTACHMENT TO   [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):*   KIRK KAREN HAKOBYAN, an Individual

Prod.L-1. On or about (date):  11/3/2023   plaintiff was injured by the following product:

A hair dye shampoo (Biogreen Roots Shampoo 400ml - Black) that was manufactured, produced, designed, distributed and/or sold by Defendant AMAZON.COM SERVICES LLC and DOES 1 to 50.

Prod.L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
   [X] used in, the manner intended by the defendants
   [X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.
Prod:L-3. Plaintiff was a
   [X] purchaser of the product.          [X] user of the product.
   [ ] bystander to the use of the product.   [ ] other (specify):

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod.L-4.  [X] **Count One--Strict liability** of the following defendants who
   a. [X] manufactured or assembled the product *(names):*
      AMAZON.COM SERVICES LLC, a business entity of unknown form; and
      [X] Does 1 _____ to 50 _____

   b. [X] designed and manufactured component parts supplied to the manufacturer *(names):*
      AMAZON.COM SERVICES LLC, a business entity of unknown form; and

      [X] Does 1 _____ to 50 _____
   c. [X] sold the product to the public *(names):*
      AMAZON.COM SERVICES LLC, a business entity of unknown form; and

      [X] Does 1 _____ to 50 _____
Prod,L-5.  [X] **Count Two--Negligence** of the following defendants who owed a duty to plaintiff (names):
      AMAZON.COM SERVICES LLC, a business entity of unknown form; and

      [X] Does 1 _____ to 50 _____
Prod.L-6.  [X] **Count Three--Breach of warranty** by the following defendants (names):
      AMAZON.COM SERVICES LLC, a business entity of unknown form; and

      [X] Does 1 _____ to 50 _____
   a. [X] who breached an implied warranty
   b. [ ] who breached an express warranty which was
      [ ] written   [ ] oral
Prod.L-7.  [X] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
      [ ] listed in Attachment-Prod.L-7   [X] as follows: AMAZON.COM SERVICES LLC, a business entity of unknown form; and DOES 1 to 50.

**FILED**
Superior Court of California
County of Los Angeles

SEP 2 0 2022

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Anoush Mchitarian

2022-SJ-008-03

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the ) Personal Injury Hub Courts (Spring Street ) Courthouse) ) ) ) ) | EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURTS EFFECTIVE OCTOBER 10, 2022 |

**STANDING ORDER RE: PROCEDURES AT PERSONAL INJURY**

**HUB COURTS AT THE SPRING STREET COURTHOUSE**

The Superior Court of California, in and for the County of Los Angeles (Superior Court, Los Angeles County), hereby issues the following order prescribing the procedures to be followed in the Personal Injury Hub Courts at the Spring Street Courthouse.

1. **Authority**

This order is being made pursuant to the Code of Civil Procedure, the California Rules of Court, rule 3.720, and the Superior Court, Los Angeles County, Local Rules, rule 3.23. It supersedes the following General and Standing Orders:

A. Amended General Order Re: General Jurisdiction Personal Injury Cases – Filing Location (5/16/2014);

B. First Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (4/16/2018);

2022-SJ-008-03

C.  First Amended Standing Order Re: Personal Injury Procedures at the Spring Street Courthouse (2/24/2020);

D.  Third Amended Standing Order Re: Final Status Conference, Personal Injury ("PI") Courts (2/24/2020);

E.  Fifth Amended Standing Order Re: Mandatory Settlement Conference (2/24/2020);

F.  Amended Supplemental Standing Order re Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse (12/22/2020);

G.  Sixth Amended Standing Order Re: Mandatory Settlement Conference (6/23/2021);

H.  Second Amended Supplemental Standing Order re Covid Protective Measures Related to Final Status Conferences in Personal Injury Cases at the Spring Street Courthouse (10/08/2021) and

I.  Seventh Amended Standing Order for Procedures in the Personal Injury Hub Courts (5/16/2022).

2.  **Assignment of Personal Injury (PI) Cases to Judicial Districts; Assignments within Central District**

    o   Unless otherwise ordered, all pending cases remain where they are assigned.

    o   On or after October 10, 2022, all newly filed PI cases, as defined in Los Angeles County Local Rules, rule 2.3, shall be filed in the judicial district where the incident arose.

///

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

o   Parties filing PI cases should use the filing court locator on the Los Angeles Superior Court website to determine the appropriate filing location (www.lacourt.org and https://www.lacourt.org/filinglocatornet/ui/filingsearch.aspx?CT=CI).

On or after October 10, 2022, all newly filed PI cases assigned to the Central District shall be assigned to a Personal Injury Hub court unless the case type is one of the following:

☐ 2401 Product Liability (not asbestos or toxic/environmental)

☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (Civil Code, sections 1790-1795.8) (Lemon Law)

☐ 2305 Elder/Dependent Adult Abuse and Claims Against Skilled Nursing Facility

☐ 2306 Intentional Conduct - Sexual Abuse Case (in any form)

☐ 2308 Landlord - Tenant Habitability (e.g., bed bugs, mold, etc.)

☐ 4501 Medical Malpractice - Physicians & Surgeons

☐ 4502 Other Professional Health Care Malpractice

These cases will be assigned to Independent Calendar Courts which will handle such cases for all purposes, including trial.

3.   **Assignment to PI Hub Court and Final Status Conference, Trial, and Order to Show Cause Dates**

All PI Cases filed in the Central District will be assigned to the PI Hub Court. Upon filing, a case will be assigned a trial date approximately 18 months from the filing date, a Final Status Conference (FSC) date approximately eight court days prior to the trial date, and a date for a hearing on an Order to Show Cause why the case should not be dismissed pursuant to Code of Civil Procedure, sections 583.410 and 583.420 approximately 24 months from the filing date.

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

4.      **Transferring Cases from the PI Hub Courts**

The PI Hub Courts may transfer a case *sua sponte* based upon a determination that the case is either not a PI case or that it requires more case management than the PI Hub Courts can provide, given their case inventories.

5.      **Filing of Documents**

Except for self-represented litigants or counsel who have obtained an exemption from mandatory electronic filing, parties must electronically file documents. Filings are no longer accepted via facsimile.  The requirements for electronic filing are detailed in the Superior Court, Los Angeles County's operative General Order Re Mandatory Electronic Filing for Civil, available online at https://www.lacourt.org/division/efiling/pdf/GenOrdCivilEfiling.pdf.

6.      **Service of Summons and Complaint**

Plaintiff(s) shall serve the summons and complaint upon defendant(s) within 60 days of filing of the complaint.  (California Rules of Court, rule 3.110 (b).)  Failure to do so may result in the imposition of sanctions. (Code of Civil Procedure, sections 128, 177.5; California Rules of Court, rule 2.30.)  In addition, at a hearing on an Order to Show Cause re Dismissal (described in Paragraph three above), the PI Hub Courts may dismiss the case and/or all unserved parties unless plaintiff(s) shows cause why the case or the unserved parties should not be dismissed. (Code of Civil Procedure, sections 583.410, 583.420.)

7.      **Stipulations to Advance or Continue Trial**

The Court may honor stipulations by all parties to a case to advance or continue a trial, provided that the proposed trial date is not beyond 24 months of the filing of the complaint, without a showing of good cause.

///

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

To advance or continue a trial date, the parties (or their counsel of record) should jointly execute and submit a (Proposed) Order and Stipulation to Continue Trial, FSC [and Related Motion/Discovery Dates Personal Injury Courts Only (Central District)] (LACIV-CTRL242). The PI Hub Courts schedule FSCs at 10:00 a.m., approximately eight court days before the trial date. Parties seeking to advance or continue trial and FSC dates shall file the stipulation at least eight court days before the existing FSC date. (Code of Civil Procedure, section 595.2; Government Code, section 70617(c)(2).) In selecting a new trial date, parties should avoid setting on Mondays, or Tuesdays following a court holiday.

Parties may submit a maximum of two stipulations to continue trial for a total continuance of six months before 24 months of the filing of the complaint. Other requests to continue trial will be granted only upon a showing of good cause by noticed motion.

**8.    No Case Management Conferences**

The PI Hub Courts do not conduct case management conferences. Thus, the parties need not file a Case Management Conference Statement.

**9.    Law and Motion**

A.    Reservation Hearing Date

.Parties must reserve hearing dates for motions in the PI Hub Courts using the Court Reservation System (CRS) available online (www.lacourt.org). After reserving a motion hearing date, the reservation requestor must submit the moving papers for filing with the reservation receipt number printed on the face page of the document under the caption and attach the reservation receipt as the last page.

As soon as a reservation requestor realizes that a motion hearing, or other proceeding requiring a reservation in the PI Hub Courts, such as in Informal Discovery

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

Conference (IDC) will not be necessary, the reservation requestor shall immediately use CRS to cancel the reservation for the motion hearing, or other proceeding requiring a reservation.

If the moving party deems the hearing date to be too far in the future (for example, after the trial date), parties should check CRS from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar. Except in extraordinary circumstances, the court will not grant ex parte applications to advance a hearing date because it is set after a trial date. If a hearing is set after the trial date, the moving party should seek to continue the trial by noticed motion instead.

B.    Electronically Filed Documents

Any and all electronically filed documents must be text searchable and bookmarked pursuant to the operative General Order re Mandatory Electronic Filing for Civil, General Order re Mandatory Electronic Filing in Civil.

C.    Courtesy Copies

Courtesy copies are required for Ex Parte Applications, Motions for Summary Judgment, Oppositions to Ex Parte Applications and Motions for, Oppositions to, and Replies to Oppositions to Motions for Summary Judgment or Summary Adjudication.

Courtesy copies must be submitted directly to the assigned PI Hub Court at the Spring Street Courthouse. The PI Hub Courts strongly encourage the parties filing and opposing lengthy motions for summary judgment or adjudication, to submit one or more three-ring binders organizing the courtesy copies behind tabs. Any courtesy copies of documents with declarations and/or exhibits must be tabbed. (California Rules of Court, rule 3.1110(f).) All deposition excerpts referenced in briefs must be marked on the transcripts attached as

///

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

exhibits. (California Rules of Court, rule 3.1116(c).) Courtesy copies, including any media attached thereto, will be destroyed by the Court without notice following the hearing.

D. Withdrawal of Motions

If a moving party takes a motion off a PI Hub court's calendar, the moving party must notify the court immediately and should remove the item from the Court's calendar on CRS. (California Rules of Court, rule 3.1304(b).) If, in response to a demurrer or a motion to strike, a party exercises its right to amend a pleading as prescribed by Code of Civil Procedure section 472(a), the court requests that party work with the party who filed the demurrer or motion to strike to take the demurrer or motion to strike off calendar so that the PI Hub Courts do not needlessly prepare tentative rulings.

E. Motions to Compel Further Responses to Discovery

PI Hub Courts will not hear Motions to Compel Further Discovery Responses to Discovery until the parties have engaged in an Informal Discovery Conference (IDC).

PI Hub Courts may deny or continue a Motion to Compel Further Responses to Discovery if parties fail to schedule and complete an IDC before the scheduled hearing on a Motion to Compel Further Responses to Discovery.

After meeting and conferring about available dates for an IDC, the moving/propounding party shall reserve an IDC through CRS (see paragraph 9 above) and provide notice of the reserved IDC to the opposing/responding party by filing and serving an Informal Discovery Conference Form for Personal Injury Courts LASC CIV 239 at least 15 court days before the IDC and attach the CRS reservation receipt as the last page. **The IDC will not be "scheduled" by the court until the IDC Form is filed.** The opposing/responding party

///

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

may file and serve a responsive IDC Form at least 10 court days before the IDC. All parties shall briefly set forth their respective positions on the pending discovery issues on the IDC Form.

Ideally, the parties should participate in an IDC before a Motion to Compel Further Discovery Responses is filed because the IDC may avoid the necessity of such a motion or, at least, reduce its scope. Because of that possibility, parties are encouraged to stipulate to extend the deadline for filing a Motion to Compel Further Discovery Responses by 60 days in order to allow time to participate in an IDC and to informally resolve the pending discovery issues.

Note: Reserving or scheduling an IDC does not extend the time to file a Motion to Compel Further Discovery Responses.

If parties do not stipulate to extend the deadline(s) to file a Motion to Compel Further Discovery Responses, the moving/propounding party may file the motion to avoid it being deemed untimely. However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when an IDC is scheduled. Note: A party's failure to stipulate to extend the time to bring a Motion to Compel Further Discovery Responses so that an IDC may be held may subject the parties and/or counsel to the imposition of sanctions.

The PI Hub Courts have found that, in most cases, IDCs are successful at assisting the parties to amicably resolve their discovery disputes, and in resolving the case as a whole. The purpose of the IDC is to assist the parties to resolve and/or narrow the scope of discovery disputes. Therefore, parties, through their respective counsel of record with full authority to make binding agreements, shall participate in the scheduled IDC. The PI Hub Courts have found that most discovery disputes result from a failure to meaningfully meet and confer on the pending

2022-SJ-008-03

discovery issues. The PI Hub Courts generally find that meeting and conferring by only exchanging letters and e-mails, as opposed to actual conversation, are insufficient and ineffective. Thus, in requesting an IDC, the parties must indicate on their IDC forms what efforts were made to informally resolve pending discovery issues, which must include in-person or virtual meetings or telephonic communications. (The PI Hub Courts require this same showing in declarations filed in support of, and in opposition to, Motions to Compel Further Discovery Responses.)

Time permitting, the PI Hub Courts may be available to conduct IDCs to resolve other types of discovery disputes.

10.    **Ex Parte Applications**

The PI Hub Courts will only grant ex parte relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte." (California Rules of Court, rule 3.1202(c).) The PI Hub Courts have no capacity to hear multiple ex parte applications or to shorten time to add hearings to their fully booked motion calendars. Given the PI Hub Courts' impacted calendars, a PI Hub Court's unavailability for timely motion hearings is not an "immediate danger" or threat of "irreparable harm" justifying ex parte relief. Instead of seeking ex parte relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and file a noticed motion to continue the trial.

And, again, parties should check CRS from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

///

2022-SJ-008-03

## 11.    Jury Fees

Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code of Civil Procedure, section 631(c)(2).)

## 12.    Final Status Conference

### A.    Purpose

The purpose of the FSC is to verify that the parties are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Hub Courts will verify at the FSC that all parties have (1) prepared all necessary trial documents, and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, Motions in Limine, and the authentication/foundation and admissibility of exhibits.

### B.    Trial Documents to Be Filed

At least five calendar days prior to the FSC, the parties shall serve and file the following Trial Readiness Documents:

1.    Trial Briefs (Optional)

Each party may, but is not required to, file a trial brief succinctly identifying:

a. the claims and defenses subject to litigation;

b. the major legal issues (with supporting points and authorities);

c. the relief claimed and calculation of damages sought; and

d. any other information that may assist the court at trial.

2.    Motions in Limine

Before filing Motions in Limine, the parties shall comply with the statutory notice provisions of Code of Civil Procedure section 1005 and the requirements of the

PAGE 10 OF 19
EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

Superior Court, Los Angeles County, Local Rules, rule 3.57(a). The caption of each Motion in Limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one Motion in Limine shall number them consecutively. Parties filing opposition and reply documents shall identify the corresponding motion number in the caption.

3.    Joint Statement to Be Read to the Jury

For jury trials, the parties shall prepare and file a joint written statement of the case for the trial court to read to the jury. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(4).)

4.    Joint Witness List

The parties shall prepare and file a joint, alphabetized by last name, list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(5).) The joint witness list shall identify each witness by name, specify which witnesses are non-experts and experts, estimate the length of the direct, cross, and re-direct examination of each witness, and include a total number of hours for all witness testimony. The parties shall identify all potential witness scheduling issues and special requirements. Any party who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

5.    List of Proposed Jury Instructions (Joint and Contested)

The parties shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, including columns to indicate whether an instruction is agreed to or contested. In addition, the List of Proposed Jury Instructions must include

///

2022-SJ-008-03

columns for a trial judge to indicate whether an instruction was given, given as modified, refused or withdrawn. (California Rules of Court, rule 2.1055.)

      6.    Jury Instructions (Joint and Contested)

The parties shall prepare a complete set of full text proposed jury instructions in a format ready for submission to the jury, by editing all proposed California Civil Jury Instructions including inserting party name(s) and eliminating blanks, brackets, and irrelevant material. The parties may prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to which party is requesting the instruction).

      7.    Joint Verdict Form(s)

The parties shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all parties. (Superior Court, Los Angeles County, Local Rules, rule 3.25(g)(8).) If the parties cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

      8.    Joint Exhibit List

The parties shall prepare and file a joint exhibit list organized with columns identifying each exhibit, setting forth stipulations, if any, to authenticity/foundation and admissibility of exhibits, and specifying evidentiary objections, if any, to the admission of an exhibit. If an objection to an exhibit is not articulated on the exhibit list, the trial court may deem the exhibit admitted. The parties shall meet and confer regarding stipulations to authenticity/foundation and admissibility of exhibits, and to resolve objections, if any, to the admission of an exhibit, before filing the Joint Exhibit List.

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

9.    Page and Line Designation for Deposition and Former Testimony

If the parties intend to use deposition testimony or former trial testimony in lieu of any witness' live testimony, the parties shall meet and confer, and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the court's ruling.

C.    Items to be Presented at the Final Status Conference

1.    Trial Binders

The parties shall jointly prepare (and be ready to temporarily lodge) 3-ring binders containing conformed (filed in eCourt) copies of all the following:

**Tab A**: Trial Briefs (Optional)

**Tab B**: Motions in Limine

The parties shall organize Motions in Limine (tabbed in numerical order) with the opposition papers and reply papers for each motion placed directly behind the moving papers.

**Tab C**: Joint Statement to Be Read to the Jury

**Tab D**: Joint Witness List

**Tab E**: Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

**Tab F**: Joint and Contested Jury Instructions

The parties shall organize proposed jury instructions with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each party.

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

**Tab G**: Joint and/or Contested Verdict Form(s)

**Tab H**: Joint Exhibit List

**Tab I**: Joint Chart of Page and Line Designation(s) for Deposition and Former Testimony

**Tab J**: Copies of the Current Operative Pleadings (including the operative complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

2.    Filing and Electronic Submission of trial documents

In an effort to reduce the number of in-person appearances in the PI Hub Courts, in addition to the parties filing and serving the Trial Documents at least five calendar days prior to the FSC, two court days prior to the FSC, the parties must provide the PI Hub Court with the trial binders in electronic form (see below). This will allow parties to appear remotely for the FSC and provide the PI Hub Courts with the opportunity to review the trial binders to determine whether parties are ready for trial. Hard copies of the trial binders will continue to be required for the trial.

a.    The parties must submit in one PDF conformed copies of the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, joint deposition designation chart, and operative pleadings as listed in paragraph C.1. above (Tabs C through J).

b.    The trial briefs and Motions in Limine, oppositions, and replies, if any, must be submitted in a separate PDF as listed in paragraph

PAGE 14 OF 19
EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

C.1 above (Tabs A and B).  **If a Motion in Limine and exhibits thereto exceed 10 pages, the parties may submit just the face page of the motion.**  (The entire motion will still need to be brought to the trial in the appropriate binder.)

c.    The PDFs must be text searchable.

d.    The PDFs must be bookmarked which is essentially an electronic tab so that the PI Hub Court is able to find and navigate among the trial documents.

(See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-pdfs.html for bookmarking instructions.)

e.    The PDFs must be emailed to the applicable email address listed below:

Department 27 at ssedept27FSC@LACourt.org

Department 28 at ssedept28FSC@LACourt.org

Department 29 at ssedept29FSC@LACourt.org

Department 30 at ssedept30FSC@LACourt.org

Department 31 at ssedept31FSC@LACourt.org

Department 32 at ssedept32FSC@LACourt.org

f.    The subject line in the email must include identifying case information as follows:

[Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of Hearing Date] (e.g., 20STCV00001 Trial Readiness Binder, FSC 01/11/2022).

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

g.    Each email should have two PDFs attached – one containing the trial documents and the other containing the trial briefs and Motions in Limine, if applicable.

h.    The parties need not email the evidentiary exhibit binders to the PI Hub Court for the FSC. However, the parties shall prepare the exhibit binders as required (see section 3. Evidentiary Exhibits, below) and be prepared to represent to the PI Hub Court that the binders have been properly prepared. Hard copies of the exhibit binders will be required for the trial court.

3.    Evidentiary Exhibits

The parties shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly marked exhibits, organized numerically in three-ring binders (a set for the trial court, the judicial assistant, and the witnesses). The parties shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

D.    Failure To Comply with Final Status Conference Obligations

The PI Hub Courts have the discretion to require any party or counsel of record who fails or refuses to comply with this Standing Order to show cause why the court should not impose monetary, evidentiary, and/or issue sanctions (including the entry of a default or the striking of an answer) (Code of Civil Procedure, section 575.2).

///

///

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

13.    **Mandatory Settlement Conferences**

Mandatory Settlement Conferences (MSC) are available on a virtual platform hosted by the Beverly Hills Bar Association at ResolveLawLA.com.  MSCs are conducted by volunteer attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and the Beverly Hills Bar Association and are overseen by the court.

MSCs are available in cases with two sides[1] 1) by stipulation, or 2) by court order at the Final Status Conference. If parties stipulate to participate in a ResolveLawLA MSC, they must seek leave of court to do so, by making an ex parte application using the PI Hub MSC Stipulation form.  Both parties should appear at the ex parte hearing.  At the Final Status Conference, the court may order parties to participate in a MSC if the court feels that it could assist the parties in resolving the case.

Whether by stipulation or court order, parties must access the ResolveLawLA website at www.ResolveLawLA.com to create an account and register the case for MSC within two court days of the court's order of the MSC.  Plaintiff or his, her or their counsel (plaintiff) must coordinate with defendant or his, her or their counsel (defendant) and select a mutually agreed upon date and time for the MSC prior to the trial date.  Plaintiff shall also provide the name, email address, and phone number for Defendant when registering the case for an MSC.

A MSC brief shall be lodged by each party at ResolveLawLA.com and served on all parties not less than five court days before the scheduled MSC.  The settlement conference statement shall be limited to five pages on the MSC Brief and 10 pages for exhibits.

///

[1] Cases with cross-complaints or separately represented defendants are not eligible.

PAGE 17 OF 19

**EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN THE PERSONAL INJURY HUB COURT**

2022-SJ-008-03

ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted on a virtual platform. After a MSC is scheduled, the ResolveLawLA system will send notifications via text and/or email and will include a link for counsel, the parties, and insurance representatives to join the MSC remotely.

Pursuant to California Rules of Court, rule 3.1380(b) and Superior Court, Los Angeles County, Local Rules, rule 3.25(d), counsel, the parties, and persons with full authority to settle the case (including insurance company representatives) must attend the MSC virtually unless a judicial officer has excused the virtual appearance for good cause. Once defendants are notified that a case has been scheduled for a MSC, defendants shall create their own login to the ResolveLawLA.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled or rescheduled, it must be canceled through ResolveLawLA.

If the case settles before a scheduled MSC, parties shall forthwith notify the PI Hub Court to which the case is assigned of such settlement. The parties should also document their settlement agreement in writing signed by all parties whether before or at the scheduled MSC.

14. **Trials**

The PI Hub Courts do not conduct trials. On the trial date, all parties and/or their trial counsel must appear in person with trial and exhibit binders in the PI Hub Court assigned to the case. Upon confirming that the parties are trial-ready, the PI Hub Court will obtain a trial court assignment from Stanley Mosk Courthouse, department 1, and will inform the parties and/or trial counsel of the assignment. The parties then have 20 minutes within which to exercise a peremptory challenge to the assigned trial court, assuming that party had not previously exercised the party's right to make such a challenge.

PAGE 18 OF 19

EIGHTH AMENDED STANDING ORDER FOR PROCEDURES IN
THE PERSONAL INJURY HUB COURT

2022-SJ-008-03

Should a plaintiff fail to appear at trial, the PI Hub Court will dismiss the case without prejudice. (Code of Civil Procedure, section 581(b)(3).) If a defendant fails to appear at trial, the PI Hub court will obtain a trial court assignment from department 1 and the plaintiff will proceed with an uncontested trial pursuant to Code of Civil Procedure section 594 and *Warden v. Lamb* (1929) 98 Cal.App. 738, 741.

## 15.    Sanctions

The court has discretion to impose sanctions for any violation of this Standing Order. (Code of Civil Procedure, sections 128.7, 177.5, 187; Government Code, section 68608(b); California Rules of Court, rule 2.30.)

DATED: September 20, 2022

_____
Judge David J. Cowan
Supervising Judge, Civil Division

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/01/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. Khalatian _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24CHCV02380 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Melvin D. Sandvig | F47 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 07/01/2024
(Date)                                                    By L. Khalatian _____, Deputy Clerk

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1.  **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2.  **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
      (213) 683-1600
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
      (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.**
    They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
    https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm